IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TERRY and JAMIE MINNIS )<br>Individually and o/b/o JOHN DOE, a minor )<br>)<br>vs. )<br>)<br>SUMNER COUNTY BOARD OF EDUCATION )<br>and DONNA WEIDENBENNER )<br>Individually and in her official capacity )<br>as the Special Needs Children Teacher of )<br>Beech Elementary School )<br>) | No. 3:10-cv-0075<br>Judge Wiseman<br>Magistrate Griffin<br><br>JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01, this initial case management order is submitted by the Counsel representing the parties above. Counsel for Plaintiffs and Defendants request that this Order be entered into by this Honorable Court.

1.  Jurisdiction - This court's jurisdiction in this matter is not in dispute amongst the parties.

2.  Service of Process - Defendants in this matter have been served.

3.  Responsive Pleadings - In response to Plaintiffs' Complaint, Defendants filed motions to dismiss.

4.  Plaintiffs' Theory -

For the academic years 2005-2007, John Doe was a student at Beech Elementary School, a public school under the management and control of Defendant. John Doe was placed in a class with special needs students by Defendants. John Doe suffers from Aspergers Syndrome and was therefore disabled or perceived by Defendants to be disabled.

Defendant, through its employees and agents, assigned John Doe to a "special needs" class with other children with more severe disabilities. Within this class was a teacher, Defendant Donna Weidenbenner (hereinafter referred to as "Miss Donna"), and assistant teachers. Defendant established this class for the specific purpose of providing adequate public education for special needs children such as John Doe.

Plaintiffs were assured by Defendant that Miss Donna held all necessary qualifications and credentials to teach children such as John Doe.

During the 2005-2007 academic years, John Doe was subjected to physical abuse and outrageous conduct perpetrated by Miss Donna. Instances of her abuse included hitting and grabbing John Doe with such force as to cause bruising, and grabbing his head with both hands and shaking violently.

This conduct was not an isolated incident. Miss Donna has engaged in this and similar conduct in prior academic years with special needs children.

Reports were made to officials and employees of Defendant regarding Miss Donna's conduct, but were ignored. Plaintiffs herein had a meeting with the school's principal in April, 2007 to discuss Miss Donna's conduct and their reports.

Additionally, Miss Donna's conduct was done openly in the school with no attempt by her to conceal her actions and in front of school officials.

Plaintiffs were never notified on the abuse until a criminal investigation by law enforcement was undertaken against Miss Donna. Miss Donna is currently under indictment for her conduct.

All of Miss Donna's conduct was done while she acted within the course and scope of her employment.

2

Defendant, by and through its employees and agents, knew or should have known of the risk of harm to John Doe given the number of years she exhibited this conduct and prior reports to officials of the same and took no steps to stop the abuse.

Defendant had actual knowledge of John Doe's disabilities, and the known risk of harm from placing him in close proximity to Miss Donna and failed to protect John Doe from the harm.

Defendant failed to train, supervise and terminate Miss Donna as a teacher of special needs children who suffered from disabilities like those inflicted upon John Doe.

Defendant failed to train and supervise other of its employees in the detection and reporting abuse of special needs children.

As a direct and proximate result of Defendant's policies, practices and customs along with its conduct and the conduct of Miss Donna, John Doe has suffered physical and emotional injury for which he is entitled to damages for past and future expenses, past and future physical pain and suffering, mental anguish, and past and future lost capacity for the enjoyment of life.

5. <u>Defendant Sumner County Board of Education's Theory</u> -

Defendant will raise numerous challenges to Plaintiffs' claims, including but not limited to failure to state a claim upon which relief can be granted, failure to exhaust administration remedies under the IDEA, and the statute of limitations - Plaintiffs' claims were at least two and a half years old when they filed this lawsuit. With respect to the facts of the case, Defendants contend that Defendant Weidenbenner was, to their understanding, seeking to utilize teaching techniques and, even if it s proven that there was misconduct by Defendant Weidenbenner, it did not rise to the level of a constitutional deprivation. Furthermore, there was an appropriate response to the April 2007 complaint made by Plaintiffs about Defendant Weidenbenner. Also, Plaintiff John Doe has not been

3

in Defendant Weidenbenner's classroom since Spring 2007. When this Defendant received notice in Spring 2009 of allegations of misconduct by Defendant Weidenbenner during that school year, it took appropriate action which at that time included removing her from the classroom. Finally, Plaintiff John Doe did and continues to receive a free appropriate public education.

6. <u>Defendant Donna Weidenbenner's Theory</u> -

This defendant has and continues at this time to assert her constitutional right (5th Amendment) to remain silent...as her (civil) legal counsel, in light of this and the very limited investigation that has taken place, I would opine that I will be making *in futuro* on behalf of Ms. Weidenbenner, that her legal theory/defense(s) will be that she did not physically, verbally, mentally or emotionally assault/abuse the children that are the subject of these seven lawsuits nor any other children.

7. ~~Other Claims~~ - At this time, the parties are not aware of the need for any counterclaims, cross-claims, third-party claims, joinder of the parties or claims. Should the parties become aware of the need for such pleadings, then they will inform the other of the same.

8. ~~Amendment of Complaint~~ - Motions to Amend the Pleadings shall be filed no later than **September 15, 2010**.

9. ~~Status of the Issues Presented~~ - The issues and facts in this case are in dispute at this time.

10. ~~Admission of Fact and/or Stipulations to Authenticity~~ - The parties shall request admissions of fact and/or stipulations regarding the authenticity of documents in pursuant to FRCP 36.

11. ~~Discovery~~ -

4

(a) Initial Disclosures - All parties shall be completed with the Initial Disclosures by **April 1, 2010**, and shall be in accordance with the FRCP 26(a)(1).

(b) Written Discovery shall be completed by **June 15, 2010**.

(c) Depositions - Deposition of fact witnesses shall be completed by **August 30, 2010.** Depositions of experts shall be completed **January 15, 2011.**

(d) Duty of Disclosure - The parties shall disclose the identity of any witnesses and make other disclosures pursuant to FRCP 26 with the exception of expert witnesses. Plaintiff shall disclose the identity of his expert witness with a summary of what the expert will testify to at trial by **September 30, 2010.** The Defendants will disclose the identity of their expert witnesses with a summary of the testimony each will provide during trial by **November 30, 2010.** No experts will be deposed prior to **December 1, 2010.**

(e) Limitations on Discovery - No limitations except for what is specified in the FRCP.

(f) Dispositive Motions Stay - Discovery is not stayed during the dispositive motions.

(g) Other Stays of Discovery - The parties have not exchanged any discovery at this time, therefore there are no stays in effect.

(h) Protective Orders - The parties are not aware at this early time in the litigation process whether or not a protective order will need to be entered.

(i) FRCP 26(f) Conference - The Initial Case Management Conference shall serve as the FRCP 26(f) discovery conference.

(j) The deadline for filing discovery related motions is **September 14, 2010.**

12. <u>Settlement</u> - The parties in this matter have not discussed settlement. The

parties agree that more discovery needs to be performed prior to a settlement agreement being discussed.

13. <u>Alternative Dispute Resolution</u> - The parties agree that this case has potential to be settled outside of the Court and that the best time to discuss settlement is after all the discovery has been completed.

14. <u>Dispositive Motions</u> - All dispositive motions are to be filed with this Court by **January 3, 2011**. Responses shall be filed with this Court by **January 26, 2011**. Replies shall be filed with this Court by **February 9, 2011**.

15. <u>Electronic Discovery</u> - The parties are in agreement on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

16. <u>Estimated Trial Time</u> - The parties expect the trial to last approximately three to four days. This case is set for trial on Tuesday, February 14, 2012, at 10:00 a.m. The final pretrial conference is set for Friday, February 3, 2012, at 10:00 a.m.

IT IS **ORDERED**.

_____
MAGISTRATE JUDGE GRIFFIN

APPROVED FOR ENTRY:

KELLY, KELLY, & ALLMAN

    /s/ Andy L. Allman
Andy L. Allman                                  #17857
F. Dulin Kelly                                  #4085
629 East Main Street
Hendersonville, TN   37075
Telephone:    (615) 824-3703
Facsimile:    (615) 824-2674
*Attorney for Plaintiffs*



LAW OFFICE OF AMBER ST. JOHN

    /s/ Amber St. John *(w/permission)*
Amber St. John
1197 Hazelwood Drive, Suite 103
Smyrna, TN 37167
*Attorney for Defendant Sumner Co. Board of Ed.*



ROBINSON & ROBINSON

    /s/ Mac E. Robinson, Jr. *(w/permission)*
Mac E. Robinson, Jr.
2nd Floor, Court Square Building
300 James Robertson Parkway
Nashville, TN 37201
*Attorney for Defendant Donna Weidenbenner*