IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRY MINNIS and JAMIE MINNIS,  )
individually and on behalf of John )
Doe, a minor )   No. 3-10-0075
 )
v. )
 )
SUMNER COUNTY BOARD OF )
EDUCATION; and DONNA )
WEIDENBENNER )

O R D E R

Pursuant to the order entered June 7, 2010 (Docket Entry No. 28), a hearing was held on June 17, 2010, at which time the following matters were addressed:

1. The defendants' emergency motion to compel and/or modify scheduling order/deposition schedule (Docket Entry No. 27)[1] was DENIED in part and GRANTED in part as provided herein.

2. Plaintiffs' counsel recounted the deficiencies in the defendants' motion, essentially reiterating the recitation of deficiencies in their response (Docket Entry No. 29) to the defendants' motion. Specifically, plaintiffs' counsel pointed out that (1) the defendants did not file a joint discovery statement when they filed the motion to compel, as required by Local Rule 37.01(a); (2) the defendants did not accompany the motion with or quote verbatim the interrogatories at issue, with the responses and the reasons supporting the motion, as required by Local Rule 37.01(2)(a); (3) the defendants sent the written discovery at issue to plaintiffs' counsel electronically rather than by mail, even though the plaintiffs had not consented in writing to service solely by electronic means, as required by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure; and (4) defendants'

---

[1] On page 3 of the June 7, 2010, order the Court incorrectly referred to that motion as the plaintiffs' motion to compel.

counsel did not sign their interrogatories or include certificates of service on the interrogatories,[2] as required by Rules 5(d)(1) and 26(g)(1) of the Federal Rules of Civil Procedure.[3] In their response, the plaintiffs also noted that defendants' counsel did not certify that they had conferred with opposing counsel in good faith to resolve the dispute, as required by Local Rule 37.01.[4]

The plaintiffs are correct that Rule 5(b)(2)(E) does not permit electronic service of discovery requests unless the parties have consented in writing to that method of service. Plaintiffs' counsel represented that, although he has electronically served discovery on the defendants as a courtesy, he has also followed up by serving such discovery requests by mail in compliance with Rule 5. Since the defendants have complained about the plaintiffs' failure to respond to the written discovery prior to the plaintiffs' depositions, the plaintiffs are now able to assert that they were never properly served with the discovery requests and that they were unable to determine the time frame within which they were required to respond.

The parties' course of dealings, however, reflects that the plaintiffs never complained about the defendants' failure to serve discovery requests by mail until after the defendants filed the instant motion.[5]

The Court agrees with the plaintiffs that the defendants failed to follow the cited rules. Recognizing that the defendants had not filed the required discovery statement, the Court directed the parties to file a Local Rule 37.01(a) joint discovery statement in the June 4, 2010, order. No such discovery statement was filed, although the defendants filed a "joint" discovery statement

---

[2] On the other hand, defendants' counsel maintained that the plaintiffs served unverified responses to the defendants' written discovery.

[3] Rule 26(g)(2) provides that a party has no duty to act on, i.e., respond to, a discovery request if it is unsigned.

[4] However, defendants' counsel did certify in their motion that they had "attempted to informally address the deficient/absent discovery responses" and that those efforts had been unsuccessful. Docket Entry No. 27, at 3.

[5] Plaintiffs' counsel represented that he advised the defendants on June 14, 2010, to serve discovery requests by mail.

(Docket Entry No. 30), without input from the plaintiffs. The defendants emailed the plaintiffs on June 15, 2010, inviting the plaintiffs to insert their position if they wanted their "position statement to appear in the joint statement."

It is not clear to the Court why the parties were unable to produce and file a joint statement as directed in the June 4, 2010, order, and specifically why the plaintiffs were unwilling to participate in developing a joint statement.

In their response, the plaintiffs sought an order that they are entitled to reasonable attorneys fees for responding to the defendants' motion to compel. Such request is denied. While the Court recognizes the defendants' deficiencies as addressed above, in the June 4, 2010, order, the Court gave the plaintiffs a time period within which to respond to the motion, hoping that the plaintiffs would respond to the merits of the defendants' motion, and, most significantly, specifically directed the parties to file a Local Rule 37.01(a) joint discovery statement. Although the plaintiffs have correctly pointed out all the deficiencies in the defendants' motion, the plaintiffs themselves failed to comply with what the Court had clearly directed in the June 4, 2010, order. Under these circumstances, it is not appropriate to consider imposition of attorneys' fees against the defendants.

3. Plaintiffs' counsel suggested that the defendants' issues could be easily resolved by his commitment to supplement interrogatory responses, to the extent possible, after completion of depositions to be taken by the plaintiffs, at which time the defendants may move to re-depose any plaintiffs. Plaintiffs' counsel contended that discovery should not be delayed simply because the minor children have not completed treatment with Dr. Woodman since it is not known how long they will be in treatment.

4. Defendants' counsel conceded that the plaintiffs' depositions had already been taken so that the plaintiffs' failure to provide complete discovery responses prior to those depositions is now moot except to the extent that the defendants may move to re-depose those plaintiffs after receipt of supplemental discovery responses.

3

Since the instant motion was filed in the evening of June 2, 2010, seeking discovery responses prior to depositions of the plaintiffs' depositions scheduled to begin on June 4, 2010, and as provided in the June 4, 2010, order, the Court found that there was insufficient time to rule on the motion prior to the scheduled depositions and was unwilling to rule on the motion to compel without considering the plaintiffs' response. Therefore, to the extent that the defendants sought to compel the plaintiffs to provide responses to the defendants' interrogatories and to produce medical records prior to those depositions, the motion was denied as moot. However, the portion of the defendants' motion seeking an amendment to the scheduling order was granted, and the portion of the defendant's motion seeking an order allowing the plaintiffs' depositions to be reconvened after written discovery has been supplemented was denied at this time with leave to the defendants to move to reconvene the depositions after such supplementation has been completed.

5. Deposition Scheduling Issues

Defendants' counsel contended that the plaintiffs had "unilaterally" added four additional witnesses the plaintiffs wanted to depose who were not identified in the plaintiffs' Rule 26(a)(1) initial disclosures as persons with discoverable information or otherwise mentioned by the plaintiffs in their depositions, and had slotted those witnesses into the deposition schedule without consultation with defendants' counsel. Although plaintiffs' counsel argued that he had no duty to tell the defendants who they want to depose or why, the plaintiffs do have a duty under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure to disclose the names and other information of any person "likely to have discoverable information" that the plaintiffs may use to support their claims, unless that use will be solely for impeachment, and, in accord with Rule 26(e)(1), the plaintiffs are required to supplement any such disclosures.

6. The plaintiffs were directed to supplement, by June 25, 2010, their Rule 26(a)(1) disclosures to include the names and, if known, the address and telephone number of any individuals "likely to have discoverable information--along with the subjects of that information" for any

4

persons the plaintiffs want to depose that were not included in the original Rule 26(a)(1) disclosures served by either the plaintiffs or the defendants.[6]

7. The fact that discovery in this case is essentially consolidated with discovery in the other six related cases and there have been and will be an extensive number of depositions to be taken, it is essential for counsel to coordinate the deposition schedules with each other.

Counsel shall also communicate with each other (by email, by telephone, or personally at depositions) about scheduling depositions that have not previously been scheduled.[7]

8. <u>Medical Records</u>

Defendants' counsel maintained that treating physicians were identified in the plaintiffs' depositions that had not previously been identified in discovery responses and that the plaintiffs have failed to provide those and other medical records. Plaintiffs' counsel represented that he has requested but has not received records from the Center for Pediatrics ENT, Living Well Chiropractic, Tennessee Pediatrics, St. Mary's, Dr. Berger, Dr. Montgomery, and Robertson County Health.

9. The plaintiffs were directed to provide to the defendants by June 18, 2010, a list of medical records that they have requested for each plaintiff but have not received and have not provided to the defendants, with the dates they were requested.

10. Within two (2) business days of receipt by the plaintiffs of notification or notifications by the defendants of any other medical records that they have not received, the plaintiffs shall request such medical records.

---

[6] Specifically, defendants' counsel mentioned Danielle Moser and Jennifer Hilley, as well as other potential deponents about whom the defendants are unaware. In the deposition schedules provided to the Court, it appears that Jennifer Hilley is listed as Jennifer Hill, but the parties referred to her at the hearing as Jennifer Hilley.

[7] The Court acknowledges that the parties have different philosophies about how depositions should be scheduled, with the plaintiffs wanting to schedule as many depositions in one day as possible and the defendants wanting to have a break in between multiple depositions. Although these differences may be irreconcilable, counsel must exhibit some flexibility in scheduling the depositions under less than optimal circumstances.

5

11. The plaintiffs were directed to provide to the defendants, by July 30, 2010, all updated records from Dr. Woodman for all plaintiffs, and provide further supplementation of Dr. Woodman's records no later than two (2) weeks before Dr. Woodman's deposition.

12. Future Depositions and Extended/Additional Deadlines

Defendants' counsel represented that the plaintiffs' unilaterally scheduling new deponents into the schedule has impeded the defendants' ability to take depositions of other witnesses before the June 30, 2010, deadline.[8] Defendants have not yet had the opportunity to review the plaintiffs' discovery responses and depositions transcripts to identify all the witnesses that they may depose, although they know that they will want to depose the DCS investigator and the detective.[9]

13. The parties shall reserve the weeks of August 9, 2010, and August 23, 2010, for further depositions in this case.

14. The June 30, 2010, deadline for completion of fact discovery is extended to August 30, 2010, in the related cases of Sagan v. Sumner County, 3-09-1003, Jackson v. Sumner County, 3-09-1005, and Jackson v. Sumner County, 3-09-1004.

15. The July 30, 2010, deadline for the plaintiffs to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure remains as previously provided in the related cases.

16. However, the plaintiffs shall have until September 15, 2010, to serve any supplemental expert disclosure from the expert(s) who has/have provided original disclosures,[10] as a result of any additional discovery conducted in August of 2010.

---

[8] The deadline for completion of fact discovery in this case is August 30, 2010. However, the parties have determined that all discovery in all seven cases should be taken at the same time, and the deadline for completion of fact discovery in the first three filed cases is June 30, 2010.

[9] Defendants' counsel explained that, because of the time involved in taking the depositions of 14 parents, there has simply been insufficient time to make such determinations.

[10] The plaintiffs shall not be entitled to disclose any new experts by the September 15, 2010, deadline.

17. The defendants shall have until September 30, 2010, to serve rebuttal expert disclosures. However, if the plaintiffs serve supplemental expert disclosures by September 15, 2010, the defendants shall have until October 15, 2010, to serve supplemental rebuttal expert disclosures based on the plaintiffs' supplemental disclosures.

18. Reconvening Plaintiffs' Depositions

Defendants' counsel pointed out that there also may be a need to schedule re-depositions of the plaintiffs after receipt of Dr. Woodman's records and/or other medical records. In addition, one child at issue in the seven cases has not begun treatment with Dr. Woodman, some of the children have only recently begun treatment with Dr. Woodman, and defendants' counsel noted that the parents testified that, within a short period of time, Dr. Woodman would be able to provide them an assessment of the children. Defendants' counsel also wanted the opportunity to make inquiries of the parents after they have received diagnoses or assessments from Dr. Woodman. In addition, defendants' counsel suggested that some of the parents may disagree with the diagnoses since they have apparently disagreed with other medical assessments in the past.

The defendants may seek to re-depose the plaintiffs at the appropriate time and, since it appeared that any testimony about medical records will not affect dispositive motions, if they do re-depose the parents, such depositions can be conducted while any dispositive motions are pending.

19. Protective Order

Defendants sought a protective order to allow the parties to file documents under seal that include or relate to information about the minor child and other minor children, including, but not necessarily limited to, identifying information, school records and psychological, medical and treatment records, and deposition transcripts that include such information. Plaintiffs' counsel agreed with the proposal.

No motion to make such filings under seal is required, unless otherwise required by the Clerk. However, any motions, memoranda, or statements of undisputed material facts shall be redacted to delete identifying information and, if such filings address school records, psychological,

7

medical and/or other treatment of the minor children, the parties shall file a motion to place that filing under seal, accompanied by the proposed under seal filing, in compliance with § 5.07 of Administrative Order No. 167, entitled "Administrative Practices and Procedures for Electronic Case Filing (ECF)," entered April 18, 2005, and they shall also file a redacted version of the filing to the extent practical.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge