IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY and JAMIE MINNIS Individually<br>and o/b/o JOHN DOE, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>SUMNER COUNTY BOARD OF EDUCATION<br>and DONNA WEIDENBENNER Individually and<br>in her official capacity as Special Needs Teacher<br>of Beech Elementary School,<br><br>    Defendants. | Civil Action No. 3:10-cv-75<br><br>Judge Thomas A. Wiseman, Jr.<br>Magistrate Judge Juliet E. Griffin |

## ORDER

This action is closely related to several other cases pending against the same defendants, but the factual circumstances vary slightly. Plaintiffs Terry and Jamie Minnis bring suit on their own behalf and on behalf of their minor child, referred to herein as John Doe. John Doe has Aspergers Syndrome and is either disabled or perceived by the Defendants as being disabled. He was a student at the Beech Elementary School ("Beech") from 2005 through 2007; defendant Donna Weidenbrenner was the Special Needs teacher at Beech and was John Doe's teacher. Plaintiffs allege that Weidenbrenner, in her capacity as the Special Education Teacher at Beech, subjected John Doe to physical abuse and outrageous conduct, including hitting and grabbing John Doe with enough force to cause bruising, and grabbing his head with both hands and shaking violently. (Compl., Doc. No. 1, at ¶ 7.) Plaintiffs further allege that defendant Sumner County Board of Education ("the Board") either knew or should have known about Weidenbrenner's abuse and the risk she posed to disabled and special-needs children. On the basis of these allegations, Plaintiffs assert four separate "counts" against either or both of the defendants, as follows.

In Count I, Plaintiffs assert that Weidenbrenner is liable to them under 42 U.S.C. § 1983 based on her having acted under color of law by virtue of her authority as special education teacher for Beech and in that capacity having deprived John Doe of his clearly established rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs allege Weidenbrenner

deprived John Doe of the right to be free from the use of excessive force; from the deprivation of liberty and property without due process; from summary punishment; from interference with the right to familial association; and from arbitrary government action that shocks the conscience.

In Count II, asserted against the Board only, Plaintiffs allege that the Board is liable under § 1983 for injuries to John Doe based on various failure-to-supervise and failure-to-train theories, and also claims that the Board adopted various unconstitutional policies, for instance by permitting or acquiescing to a pattern or practice of constitutional violations by its special education teachers, by failing or refusing to investigate complaints regarding improper behavior by teachers, and by improperly disciplining teachers, all in reckless disregard for and deliberate indifference to the welfare of the public at large, including John Doe. Plaintiffs also assert that the Board is vicariously liable for Weidenbrenner's unlawful acts under theories of, *inter alia*, agency, vicarious liability, and respondeat superior

In Count III, Plaintiffs aver that they have a constitutional right of familial association with their children and that this right has been violated as a result of the conduct set forth in Counts I and II.

Count IV purports to be brought under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act. In this Count, Plaintiffs allege that the defendants had a legal obligation to provide John Doe with a free and appropriate public education; that John Doe is disabled and perceived by defendants as disabled; that defendants provided appropriate, qualified and safe special education teachers to other similarly situated students but failed to provide a safe and qualified special education teacher to John Doe, thereby causing him injury and violating his rights under the ADA and § 504 of the Rehabilitation Act.

Now before the Court are two separate motions filed by the Board and Weidenbenner respectively: (1) Defendant Sumner County Board of Education's Motion to Dismiss (Doc. No. 9), filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal on the grounds of lack of subject-matter jurisdiction and, alternatively, for failure to state a claim upon which relief may be granted; and (2) Motion to Dismiss (Doc. No. 13) filed on behalf of Weidenbenner, incorporating and adopting by reference the Board's arguments for dismissal based upon Rule 12(b)(1) or 12(b)(6). In the six related cases filed against the same defendants by different plaintiffs, Weidenbrenner filed similar motions in which she also asserted that the claims under the ADA and the Rehabilitation Act

asserted against her in both her official and representative capacities, are subject to dismissal. She did not make a similar argument in the present case, though the claims against her in the Minnis's complaint appear to be nearly identical to those set forth in the complaints in the Related Cases.

Plaintiffs have filed one omnibus response in opposition to both motions, and the Board filed a single reply brief. The motions have been fully briefed and are ripe for resolution.

**II.     Discussion**

As indicated above, the allegations in the Complaint in this case are basically identical to those set forth in the six related cases, except that the events alleged to have occurred in the present case occurred during the 2005–2007 school years instead of the 2008–2009 school year. The motions filed by the defendants in this case are likewise functionally identical to those filed in the related cases, with two notable exceptions: First, the defendants here raise a statute-of-limitations defense as to Count III, brought by Terry and Jamie Minnis in their individual capacities. That defense has merit: Tennessee's one-year statute of limitations applies to claims for personal injury brought under 42 U.S.C. § 1983. Tenn. Code Ann. § 28-3-104(a)(3); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Consequently, Terry and Jamie Minnis' claims under § 1983 asserted on their own behalf (rather than on behalf of their minor child) are time-barred.

Second, besides asserting that the claims in the complaint must be dismissed for failure to exhaust administrative remedies under the IDEA, defendants also argue that any IDEA claims are time-barred and that the entire complaint must be dismissed as a result. As discussed in the *Sagan* Memorandum Opinion, failure to exhaust administrative remedies under the IDEA is not jurisdictional and, in any event, Plaintiffs' § 1983 claims are not necessarily preempted by the IDEA. With respect to the claims set forth in Count IV of the present case, the Court concludes that the Rehabilitation Act and ADA claims are subject to dismissal, without prejudice, based on the failure to exhaust administrative remedies, as discussed in *Sagan v. Sumner County Board of Education et al.*, Case No. 3:09-cv-1003, July 6, 2010 Memorandum Opinion. The statute of limitations defense asserted by defendants here may be raised again in that context. Plaintiffs argue that exhaustion would be futile but have not pleaded facts in the complaint that would support that contention.

**III.  Disposition of the Motions**

Accordingly, for the reasons set forth above or in *Sagan v. Sumner County Board of Education et al.*, Case No. 3:09-cv-1003, July 6, 2010 Memorandum Opinion:

(1) Defendant Sumner County Board of Education's Motion to Dismiss (Doc. No. 9) and Defendant Weidenbenner's Motion to Dismiss (Doc. No. 13) are hereby **GRANTED IN PART AND DENIED IN PART**.  Specifically, the motions to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction are **DENIED**; the motions to dismiss under Rule 12(b)(6) are **GRANTED IN PART** as follows:

- Count III, in which plaintiffs Terry and Jamie Minnis seek damages under § 1983 based on their rights to familial association, is **DISMISSED** as barred by the statute of limitations;

- That portion of Count I alleging a violation of John Doe's right to familial association is **DISMISSED** for failure to state a claim;

- The claims in Count IV of the Complaint against the Board are **DISMISSED WITHOUT PREJUDICE** based on failure to exhaust administrative remedies under the IDEA;

- To the extent that Plaintiffs state such a claim in their complaint, Plaintiffs' claim against the School Board based directly upon Weidenbenner's behavior under a theory that Weidenbenner was an official policy maker for the Board is **DISMISSED**;

- To the extent that Plaintiffs state such a claim in their complaint, Plaintiffs' § 1983 claim against the School Board based solely upon the School Board's purported "special relationship" with John Doe is **DISMISSED**.

In all other respects, the Defendants Rule 12(b)(6) motions to dismiss are **DENIED**.

(2)  Although not expressly addressed in Weidenbenner's motion, the official-capacity and individual-capacity claims asserted against Weidenbenner in Count IV under the ADA and the Rehabilitation Act are **DISMISSED** with prejudice for the reasons stated in the *Sagan* Memorandum Opinion.

This matter is referred back to the Magistrate Judge for further case management as may be necessary.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge