IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY and JAMIE MINNIS, Individually ) <br> and o/b/o JOHN DOE, a minor, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SUMNER COUNTY BOARD OF EDUCATION ) <br> and DONNA WEIDENBENNER ) <br> Individually and in her official capacity ) <br> as Special Needs Teacher of ) <br> Station Camp Elementary School, ) <br> ) <br>     Defendants. ) | Civil Action No. 3:10-cv-0075 <br><br> Judge Thomas A. Wiseman, Jr. <br> Magistrate Judge Juliet E. Griffin |

## ORDER

Before the Court are Defendant Donna Weidenbenner's and Defendant Sumner County Board of Education's separate Motions for Attorney Fees (Doc. Nos. 81 and 83).

"In any action or proceeding to enforce a provision of section . . . 1983 . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988(b). However, the Sixth Circuit has repeatedly held that "[a]n award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *See, e.g.*, *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (internal quotation marks and citation omitted). The standard established by the Supreme Court for an award of attorney's fees to a prevailing defendant in civil rights actions is that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Tarter v. Raybuck*, 742 F.2d 977 (6th Cir.1984) (applying the same standard to an award of attorney's fees to defendants under § 1988), *cert. denied*, 470 U.S. 1051 (1985).

Further, the Supreme Court has cautioned that district courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434

U.S. at 421–22. Rather, "[t]o determine whether a claim is frivolous, unreasonable or groundless, the court must determine plaintiff's basis for filing the suit." *Riddle*, 266 F.3d at 548. In the present case, the Plaintiffs filed suit alleging violations of § 1983, under a number of theories, against both defendants based upon Defendant Weidenbenner's alleged abuse of Plaintiff's minor child. The Court ultimately concluded that, while Weidenbenner's alleged treatment of the minor child might plausibly be characterized as abusive, it did not amount to a violation of his constitutional rights.

The question of whether the prevailing Defendants should be awarded attorneys' fees is a close one in this case. Despite extensive discovery, the evidence of any serious abuse of the child was quite scant, and Plaintiffs themselves were in possession of all the relevant information supporting their claims even before filing suit in this case. In addition, the Complaint contained numerous allegations regarding abuse allegedly perpetrated against other children rather than John Doe, and many of these allegations apparently were entirely without evidentiary foundation. Notwithstanding, while the undisputed evidence in this case was insufficient to support a claim under § 1983, the Court cannot find that the Plaintiffs' claims were entirely frivolous or groundless from the outset, or that Plaintiffs continued to litigate after it should have become clear that their claims were groundless. Plaintiffs confronted a challenging factual situation in light of their child's youth and developmental disabilities, and reasonably argued for extending the frontier of what constitutes abuse arising to a constitutional violation in the pedagogical context. The Sixth Circuit has recognized that "[t]he primary purpose of the attorney fee statute was to encourage plaintiffs to bring suit in new and undeveloped areas of civil rights laws." *Northcross v. Bd. of Educ. of Memphis City Schs.*, 611 F.2d 624, 635 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980). Finally, while of dubious merit from the outset, the Court cannot find that the case represents a "truly egregious case[] of misconduct." *Riddle*, 266 F.3d at 547.

Accordingly, Defendants' Motions (Doc. Nos. 81 & 83) are hereby **DENIED**.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge